O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK SANCHEZ, | ) | Case No.  14-cv-01347 DDP-PLA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF AND GRANTING DEFENDANT'S MOTION TO STRIKE** |
| AUTOZONE, INC., a Nevada corporation, and DOES 1 through 10 inclusive, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | [Dkts. 27, 28] |
| | ) | |

Presently before the court are Plaintiff's Motion for Relief, Dkt. 27, and Defendant's Motion to Strike, Dkt. 28. Having considered the parties' submissions and heard oral argument, the court adopts the following Order.

**I. BACKGROUND**

Plaintiff Mark Sanchez filed a putative wage-and-hour class action in California superior court on March 8, 2011, alleging that Defendant Autozone, Inc. ("Autozone") failed to pay him the wages he was due upon termination, including vested vacation

wages. (Dkt. 8, Ex. 1.) Autozone sought to stay the proceedings pending similar actions in other courts, including a Multidistrict Litigation ("MDL") entitled *In re Autozone, Inc., Wage & Hour Employment Practices Litigation*, 3:10-md-2159-CB, in the Northern District of California. (Dkt. 8, Ex. 9.) The state court stayed the proceedings and, on August 27, 2013, modified the stay to permit Plaintiff to move for class certification or for leave to amend the complaint. (Dkt. 8, Exs. 17, 38.)

### A.  Removal to Federal Court and MDL Proceedings

On February 21, 2014, Autozone removed this case to federal court. (Dkt. 1.) Three weeks later, on March 14, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to the Northern District of California for inclusion in the *In re Autozone* MDL as a tagalong action. (Dkt. 16.) Although the MDL court set an initial case management conference for July 11, 2014, this date was vacated on April 15, 2014. (Meneses Decl. ¶ 14, Ex. 3.) Neither party requested that the MDL court reset the initial case management conference or submitted a Rule 26(f) report.

#### a.  First Attempt to Reset a Scheduling Conference

Six months later, on October 20, 2014, Plaintiff's counsel contacted Defendant's counsel by letter, stating that "we intend to request a new Initial Status Conference date from the Court within the next month." (Hoffman Decl., Ex. 26.) On November 6, 2014, Defendant's counsel responded that he would "confer . . . on a stipulation to lift the stay order and prepare a Rule 26(f) discovery plan," and requested further clarification regarding the class claims.[1] (*Id.*, Ex. 27)

Over one year passed without a reply.

#### b.  Second Attempt to Reset a Scheduling Conference

---

[1] The MDL court had stayed certain actions alleging meal and rest break claims that might be affected by a then-pending decision in *Brinker Restaurant Corporation v. Superior Court*, 53 Cal.4th 1004 (2012). (MDL Dkt. 24.) In February 2011, the MDL court ruled that the stay was lifted as to document production, but remained in place as to depositions. (MDL Dkt. 30.)

2

On July 15, 2016, Plaintiff's counsel informed Defendant's counsel that he would be filing an administrative motion to set an initial case management conference with the court. (*Id*., Ex. 29.) Defendant's counsel responded that Plaintiff's counsel had not replied to his November 2014 letter, sent approximately 20 months earlier and, suggested that the parties "reassess this matter after receipt of the Court's forthcoming orders." (*Id*., Ex. 29.)

Four months passed. On December 2, 2016, Plaintiff's counsel circulated a draft stipulation to Autozone's counsel for an initial case management conference and indicated that, absent such a stipulation, it would file a motion with the MDL court. (*Id*., Ex. 30.) Defendant's counsel responded that it would be premature to set a case management conference. (*Id*.)

On January 6, 2017, the MDL court stayed its proceedings pending an appeal of the MDL court's decertification order. (MDL Dkt. 341.) Two months later, on March 7, 2017, the stay was dissolved. (MDL Dkt. 342.)

**B.  Case Management Conference and Remand Order**

Nearly six months later, on August 24, 2017, the MDL court held a case management conference. (MDL Dkt. 355.) Following the conference, the court set the following trial dates:

> Trial set for plaintiff, Jimmy Ellison. If Ellison's case resolves, the trial dates will remain the same for plaintiff, Drake Price. If Price's case resolves, the trial dates will remain the same for Marsha Doland. Trial date for plaintiff, Mark Sanchez to be determined. (*Id.*)

During the case management conference, counsel for Plaintiff did not make a request for a Rule 26 scheduling conference, although he had indicated to Defendant's counsel by email that he would do so. [2] (Hoffman Decl. ¶¶ 34-35.)

---

[2] Plaintiff was represented at the August 24, 2017 hearing by a different attorney who was "not familiar with Plaintiff's claims and had just been notified of the conference the night prior." (Hoffman Decl. ¶ 35.)

3

1
2
3   On September 29, 2017, the plaintiff in another tagalong action, Drake Price, moved the MDL court to set a scheduling conference and continue the trial date to allow him to conduct discovery and move for class certification. (MDL Dkt. 363.)

4
5
6
7
8
9   On October 3, 2017, the MDL court denied Price's motion and struck his class allegations. (MDL Dkt. 367.) On the same day, the MDL court issued an "Order Re Suggestion of Remand." (MDL Dkt. 369). The Order stated: "It is the Court's view that Plaintiff Mark Sanchez's case is ready for trial." (*Id*.) Plaintiff filed a response, indicating that he had no objection to the remand, but stated that he did not believe "the case [was] ready for trial." (MDL Dkt. 372.)

10
11
12
13   The MDL court subsequently issued a "Suggestion of Remand" to the JPML on the basis that "pretrial proceedings have concluded in *Sanchez v. Autozone*." (MDL Dkt. 375.) In the absence of objections from the parties, the JPML remanded Plaintiff's case to this court, effective November 7, 2017. (Dkt. 19.)

14
15
16
17
18   Plaintiff now moves for relief from the MDL court's determination that pretrial proceedings have concluded. (Dkt. 27.) Defendant moves to strike the class allegations in Plaintiff's First Amended Complaint on the basis that Plaintiff did not move for certification before the MDL court and also failed to comply with the class certification deadline in Local Rule 23-3. (Dkt. 28.)

19
20

21   **II. LEGAL STANDARD**

22   **A.  Motion for Relief**

23
24
25
26
27
28   Pursuant to Federal Rule of Civil Procedure 60(b), a party may move the district court to relieve the party from a final judgment, order, or proceeding for "any reason that justifies relief." A district court also "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotations omitted).

4

**B. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the "Court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is that which has no bearing on the claims for relief or the defenses being pled. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Impertinent matter consists of statements that do not pertain and are not necessary to the issues in question. *Id.* Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

**III. DISCUSSION**

**A. Motion for Relief**

Plaintiff Mark Sanchez moves for relief from the MDL court's statement in its Suggestion of Remand that "pretrial proceedings have concluded."[3] (MDL Dkt. 375.) Relying upon the MDL court's representation that "coordinated or consolidated pretrial proceedings" had been completed, the Judicial Panel on Multidistrict Litigation remanded the action to this court. (Dkt. 20.)

Despite more than three years in the MDL action, Plaintiff argues that no meaningful pre-trial proceedings have occurred in his case, and now seeks to set a Rule 26(f) scheduling conference and conduct discovery. Defendant counters that Plaintiff was not diligent in pursuing his rights during the course of the MDL and neglected to challenge the MDL's court's determination that "pretrial proceedings have concluded," thereby precluding him from seeking relief in this forum.

---

[3] The MDL Court's order is denoted as a "Suggestion of Remand" because it was directed to the JPML. Under 28 U.S.C. § 1407(a), the JPML has the authority to remand an action to the district court. However, the MDL court may "file a suggestion of remand" with the JPML pursuant to JPML Rule of Procedure 10.1.

A first-order question before the court is what deference to accord the MDL's court determination that "pretrial proceedings have concluded." (MDL Dkt. 375.) Typically, "[o]nce pretrial proceedings are completed in the MDL, the Panel remands individual cases to the district court in which the action was originally filed for trial." *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir. 2006). Hence, the court is reluctant to disturb the MDL's court's determination that "pretrial proceedings have concluded" absent adequate justification for Plaintiff's delay in seeking relief.[4]

The court finds the MDL court's ruling in the *Price* action to be instructive on this issue. Like the present action, the *Price* action was transferred as a tagalong action to the *In re Autozone* MDL. (MDL Dkt. 367, at 2.) The transfer of the *Price* action occurred in October 2015, about one year later than in the present case. (*Id*.) Despite having spent several years in the MDL, neither Price nor Plaintiff had held a scheduling conference, taken formal discovery on their unique claims, or filed a motion for class certification before the MDL court. (MDL Dkt. 363, at 6.)

At the August 24, 2017 case management conference, the court set the *Price* action for trial in November 2017. (MDL Dkt 355.) Price then filed a motion requesting the setting of a scheduling conference, an opportunity to conduct limited discovery and move for class certification, and a continuance of the trial date. (MDL Dkt. 363.) The MDL court denied the motion and struck Price's class claims. (MDL Dkt. 367.) It concluded:

> [H]ad Price shown any interest in pursuing his class claims during (at a minimum) his first year in the MDL, the Court would have no objection. But just as Price should not be penalized for being in an MDL, he also should not be permitted to take advantage of being in an MDL by sitting

---

[4] The court notes that this issue was not fully raised before the MDL court because Plaintiff chose not to challenge the MDL court's finding that "pretrial proceedings have concluded" by motion. As Plaintiff explains, "he did not wish to see his class claims stricken as the MDL court did in the *Price* Action when Plaintiff Price filed an administrative motion [before the MDL court] to be allowed to conduct pretrial proceedings." (Mot. for Relief at 2, Dkt. 27.)

6

silent for two years and then springing his class claims on the Court and opposing counsel once class certification issues have been resolved and individual trials set. To allow him to do so would encourage MDL plaintiffs to sandbag their opponents, and would relieve them of their responsibility to cooperate with the Court in matters of case management. *(Id*. at 4.)

This court sees no reason to depart from the MDL court's logic. As with Price, "nothing prevented [Plaintiff] from pressing his class claims once he joined the MDL. . . or any day thereafter, aside from the brief stay" of two months while the parties appealed the MDL court's decertification order. (*Id.* at 3.) Nor did Plaintiff "raise the issue of his unlitigated class claims at the August 24[, 2017] hearing" when the MDL court set trial dates for the remaining individual actions. (*Id.* at 3; Hoffman Decl. ¶¶ 34-35.)

Plaintiff does not specify why *Price* is inapplicable. Instead, he protests that the MDL court never provided him with individual notice that orders issued before the transfer of his case to the MDL would bind him, or that the initial scheduling conference would not be reset. (Reply at 6-7, Dkt. 34.) In particular, Sanchez faults the MDL court for not "consulting" him or specifically advising him to "seek relief from the court in order to conduct any pretrial proceedings." (*Id*.)

Plaintiff is silent, however, as to his own failure to prosecute his case over the course of the three and a half years that it remained with the MDL court. During this time, Plaintiff never filed a motion requesting a scheduling conference, or for any relief that he now seeks before this court. Plaintiff had sufficient opportunity to raise these issues and, by the August 24, 2017 conference, had notice that the MDL court expected the remaining individual actions to be ready for trial. (Dkt. 355.)

Just as MDL proceedings do not strip Plaintiff of his substantive rights, they do not relieve Plaintiff of his responsibility to assert those rights in a timely fashion. Particularly in MDL actions, "counsel must . . . collaborate with the trial judge from the outset in fashioning workable programmatic procedures, and thereafter alert the court in

a timely manner as operating experience points up infirmities warranting further judicial attention." *See PPA Products Liability Litigation*, 460 F.3d at 1231 (quotations omitted).

The court deems Plaintiff's alleged lack of notice to be an inadequate justification for his years-long delay. Although Plaintiff maintains he expected the MDL court to reset the scheduling conference of its own accord, it was unreasonable for Plaintiff to continue to so presume as years passed in the litigation. Moreover, the chronology of this case shows at least *three* occasions on which Plaintiff was both aware of the need for a scheduling conference and had an opportunity to file a motion requesting a conference. At no point did Plaintiff do so.

*First*, Plaintiff had ample time to request a scheduling conference and conduct discovery after the MDL court vacated the initial scheduling conference in April 2014. Six months later, in October 2014, Plaintiff's counsel contacted Autozone's counsel by letter, stating that "we intend to request a new Initial Status Conference date from the Court within the next month." (Hoffman Decl., Ex. 26.) Defendant's counsel agreed to "confer . . . on a stipulation to lift the stay order and prepare a Rule 26(f) discovery plan," and requested further clarification regarding the class claims.[5] (*Id*., Ex. 27.) Approximately twenty months passed. Yet Plaintiff's counsel neither responded, nor filed a motion requesting a conference.

*Again*, over one year later, on July 15, 2016, Plaintiff's counsel informed Autozone's counsel that he would be filing an administrative motion to set an initial case management conference with the court. (*Id*., Ex. 29.) Defendant's counsel suggested that the parties "reassess this matter after receipt of the Court's forthcoming orders." (*Id*.) On December 2, 2016, after four months had elapsed, Plaintiff's counsel circulated a draft stipulation to Autozone's counsel regarding a case management conference and stated

---

[5] Early in the litigation, the MDL court stayed certain actions that might be affected by a then-pending decision in *Brinker Restaurant Corporation v. Superior Court*, 53 Cal.4th 1004 (2012). *Brinker* was decided by the California Supreme Court on April 12, 2012, approximately two years before Plaintiff joined the *In re Autozone* MDL.

that, without such a stipulation, it would proceed to file an administrative motion. (*Id.*, Ex. 30.) No motion ensued.[6]

*Finally*, after a two-month stay of the proceedings was dissolved in March 2017, Plaintiff waited another six months before a case management conference with the MDL court on August 24, 2017. (MDL Dkt. 355.) On the eve of the August 24 hearing, Plaintiff's counsel indicated to Defendant's counsel that he would bring up his request for a scheduling conference with the MDL court. (Hoffman Decl., Ex. 34.) During the hearing, however, Plaintiff neither requested a scheduling conference nor otherwise indicated to the MDL court that pre-trial proceedings had not concluded. (Hoffman Decl. ¶¶ 34-35.) Instead, the MDL court proceeded to set trial dates for the individual actions. (MDL Dkt. 355.)

Two weeks later, on September 6, 2017, Plaintiff's counsel renewed his request that Defendant stipulate to a scheduling conference to "activate the case." (Hoffman Decl., Ex. 34.) Once again, no motion was filed. (Hoffman Decl., Ex. 34.)  Only on October 6, 2017, several days after the MDL court had issued an "Order Re Suggestion of Remand," did Plaintiff file a response indicating that he did not believe his case was "ready for trial." (MDL Dkt. 372.)

As the party who initiated these proceedings, Plaintiff is responsible for prosecuting his case. Defendants, who have returned to this court after more than three years in the MDL proceedings, have been prejudiced by Plaintiff's undue delay. Apart from a brief two-month stay of the proceedings, nothing barred Plaintiff from moving his case forward before the MDL court. Plaintiff offers no compelling justification for the full

---

[6] The court notes that there was a two-month stay of the MDL proceedings from January 6 to March 7, 2017. (MDL Dkts. 341, 342.) Yet nothing prevented Defendant from filing his administrative motion immediately after the termination of this brief stay.

measure of his delay. Consequently, the court denies Plaintiff's Motion for Relief from the MDL court's determination that "pre-trial proceedings have concluded."[7]

### B. Motion to Strike

In a parallel motion, Defendant moves to strike Plaintiff's class claims. (Dkt. 28.) Defendant argues that Plaintiff demonstrated undue delay in pressing his class claims before the MDL court, and has also missed the deadline set forth in Local Rule 23-3 for moving for class certification before this court.

The court earlier concluded that Plaintiff missed his opportunity to prosecute his claims before the MDL court. Even assuming that Plaintiff has not waived his opportunity to press those claims before this court, Plaintiff must demonstrate excusable neglect for failure to comply with Local Rule 23-3. *See* Fed. R. Civ. P. 6(b)(1)(B). In determining whether excusable neglect exists, the court may consider all relevant circumstances, including but not limited to "the danger of prejudice [to the other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993)).

Local Rule 23-3 requires Plaintiff to file for class certification with 90 days of service of the pleading, unless otherwise ordered by the Court. Plaintiff's case was removed to this court on February 21, 2014. (Dkt. 16.) Less than one month later, the case

---

[7] Plaintiff argues that, at the very least, he should be entitled to conduct discovery on his PAGA violations because those claims "were not appropriate for handling in the MDL." (Mot. for Relief at 14, Dkt. 27.) In support, Plaintiff points to the MDL court's remand of a "pure PAGA" action to state court. (MDL Dkt. 326.) Plaintiff, however, overlooks the reasoning in the court's remand order. The order held that no federal court, including the MDL court, had jurisdiction over the action because it failed to meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. (*Id.* at 47.) Thus, there appears to be nothing inherent about the PAGA claims that rendered them unsuitable for management in the MDL.

10

was transferred to the MDL court. (Dkt. 16.) However, Plaintiff's case returned to this court on November 7, 2017. (Dkt. 20.) Even assuming that the clock was reset upon remand, Plaintiff should have filed a motion within 90 days, or by February 5, 2018.

Plaintiff counters that he has had no opportunity to move for class certification because no formal discovery has occurred. In particular, Plaintiff contends Defendant wrongfully failed to provide him with discovery on issues not related to the claims of the certified class in the MDL action. Assuming this to be true, it was incumbent on Plaintiff to file a motion to compel in order to advance his case.[8]

Even so, Plaintiff offers no reason why he did not move the court for an extension of the deadline set forth in Local Rule 23-3 by February 5, 2018. In light of the absence of formal discovery in this case, Plaintiff presumably knew *before* the expiration of the deadline that he would require an extension of time to prepare a motion for class certification. Failure to comply with Local Rule 23-3 may result in the striking of class allegations from the complaint. *See, e.g.*, *Wilborn v. Greystar Real Estate Partners, LLC*, No. CV131556JFWMRWX, 2013 WL 12143941, at *1 (C.D. Cal. Sept. 10, 2013).

In light of the record and the particular litigation history of this case, the court grants Defendant's motion to strike the class allegations. The following allegations are hereby stricken from Plaintiff's First Amended Complaint:

- Pages 2-5: paragraphs 14 through 19;
- Page 8: paragraph 36;
- Page 8, lines 6-7: the phrase "and those class members who are no longer employed by Defendants their";
- Page 8, line 14: the phrase "and class members";
- Page 8, line 15: the phrase "and class members";

---

[8] Plaintiff also contends that Defendant never filed an answer to the FAC, and that this omission excuses Plaintiff from complying with the deadlines set forth in the Local Rules. (Opp. at 12, Dkt. 32.) But one omission does not excuse another. As the court concluded earlier, Plaintiff has had ample opportunity before this juncture to raise the alarm before the MDL court about issues warranting the court's attention.

- Page 9, line 18: the phrase "and class members";
- Page 9, line 26: the phrase "and class members";
- Page 9, line 28: the phrase "and class members";
- Page 10, line 3: the phrase "and class members";
- Page 10, lines 5-6: the phrase "and class members";
- Page 10, lines 15-18: paragraphs 2 through 4;
- Page 10, line 22: the phrase "and class members"; and
- Page 11, lines 18-19: the phrase "and class members."

**IV. CONCLUSION**

For the reasons stated above, the court DENIES Plaintiff's Motion for Relief and GRANTS Defendant's Motion to Strike.

**IT IS SO ORDERED.**

Dated: March 27, 2018

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE